IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

CASE NO:     20-1616

CERTAIN UNDERWRITERS AT LLOYDS
OF LONDON SUBSCRIBING TO
POLICY OF INSURANCE NUMBER
ROKMAR201800039,

      Petitioner,

v.

SAUL MONTALVO,

      Respondent

_____/

# EXHIBIT "4"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

IN RE:

YAMAHA PLEASURE WATERCRAFT          CASE NO.: 8:19-cv-01888-CEH-TGW
(Hull ID # Yama 3316C818)

## CLAIM AND THIRD PARTY CLAIM

Claimants, ParrotDise Express Boat Tours LLC ("ParrotDise Express") and Endurance

Assurance Corporation ("Endurance")(collectively "Claimants"), by counsel, brings this Claim

against Renata Sirota and Clearwater Jet Ski and Parasail, LLC ("Clearwater Jet Ski") and a third

party claim against Saul Montalvo ("Montalvo"), and alleges upon information and belief as

follows:

1.      This is an action that arises out of a maritime collision and is brought under this

Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

2.      Claimant, ParrotDise Express, is the owner and operator of a vessel named the

M/V PARROTDISE EXPRESS which was a tour boat operated in Clearwater, Florida.

3.      Endurance is a corporation that was duly authorized to do business in the State of

Florida and acted as the insurer for the vessel, PARROTDISE EXPRESS ("Vessel").

4.      Clearwater Jet Ski and Sirota are the owners and operators of a personal

watercraft ("PWC") that was involved in the collision at issue in this litigation.

5.      The investigative report list Clearwater Jet Ski as the owner.  Until the title is

produced, the Claimants will assume that both Clearwater Jet Ski  and Sirota are the owners of

the PWC.

6.      Montalvo was the operator of the PWC at the time of the collision.

{BC00252651:1}

Case 8:19-cv-01888-CEH-TGW Document 9 Filed 09/16/19 Page 2 of 6 PageID 58

7.      On or about February 8, 2019, at approximately 1705, the vessel PARROTDISE EXPRESS was headed northeast of Sand Key, Clearwater in the Intercoastal Waterway.

8.      At the time of the incident, the Vessel PARROTDISE EXPRESS was carrying passengers.

9.      The captain of the PARROTDISE EXPRESS observed the PWC transiting northeast from the rental location headed directly for the bow of the Vessel.

10.      The captain of the Vessel observed the PWC approach rapidly and brought his Vessel into neutral.  At that time, the captain of the PARROTDISE EXPRESS sounded the danger doubt signal.

11.      The operator of the PARROTDISE EXPRESS then reversed his Vessel in an effort to avoid the collision.

12.      Upon information and belief, the operator of the PWC heard one of the danger doubt signals and became startled thereby accelerating and making a turn directly into the path of the PARROTDISE EXPRESS.

13.      The PWC struck the bow of the PARROTDISE EXPRESS, causing the Vessel to split the stem and ultimately resulting in a total constructive loss of the vessel.

14.      Upon information and belief, the PWC which was a 2018 Yamaha bearing Florida registration number FL1695RS was chartered from Clearwater Jet Ski to Montalvo.

15.      Clearwater Jet Ski and Sirota did not ensure that Montalvo had proper training on how to operate a PWC or whether he was familiar with the navigational rules of the road.

16.      Clearwater Jet Ski and Sirota knew or should have known that Montalvo was not competent to operate the PWC.  Clearwater Jet Ski and Sirota did not make the proper inquiry to determine whether Montalvo had the proper knowledge and experience to operate the PWC.

17.     Clearwater Jet Ski and Sirota had the ability to monitor Montalvo's actions and did or should have observed him negligently operating the PWC.

18.     Clearwater Jet Ski and Sirota failed to take affirmative action to preclude Montalvo from negligent operation of the PWC.

## COUNT I

*(Negligent Entrustment and Negligent Supervision Claim Against Defendant, Clearwater Jet Ski and Sirota)*

Plaintiffs, ParrotDise Express and Endurance, reallege and incorporate herein allegations set forth in paragraphs 1 through 18 above.

19.     Clearwater Jet Ski and Sirota, through its employees, agents and apparent agents, negligently entrusted the 2018 PWC bearing Florida registration number FL1695RS to Defendant Montalvo.

20.     Defendant Clearwater Jet Ski and Sirota knew or should have known that Montalvo would operate, drive, pilot or navigate the PWC in a dangerous and unsafe manner resulting in property damage to the PARROTDISE EXPRESS which would result in personal injury or property damage to others.

21.     Defendant Clearwater Jet Ski and Sirota knew or should have known when it entrusted the PWC to Montalvo that he was improperly trained in terms of operational expertise, did not understand the navigational rules of the road, was insufficiently trained to avoid the risk of collision, and was incapable of safely operating the PWC.  Notwithstanding that fact, Clearwater Jet Ski and Sirota permitted Montalvo Acre to operate the PWC that caused the property damage to the PARROTDISE EXPRESS and resulting business losses.

{BC00252651:1}                                          3

Case 8:19-cv-01888-CEH-TGW Document 9 Filed 09/16/19 Page 4 of 6 PageID 60

22.     Clearwater Jet Ski and Sirota never observed Montalvo operate the PWC, inquire about his experience and training, observe him participate in any instruction or operation nor have any reasonable understanding that Montalvo could safely operate the PWC.

23.     At the time it entrusted the PWC, Clearwater Jet Ski and Sirota knew that PWC's were dangerous and that operational know-how was essential for safety.

24.     Clearwater Jet Ski and Sirota negligently entrusted the PWC to Montalvo and failed to consider that the PWC did not have the requisite safety equipment, was not seaworthy, and did not provide preride instructions that include the operational characteristics of the PWC, how to operate the PWC safely and explain the rules of the road to Montalvo.

25.     Once Montalvo was on the PWC, Clearwater Jet Ski and Sirota failed to properly supervise Montalvo.

26.     As a direct and proximate results of acts and omissions of Clearwater Jet Ski and Sirota, ParrotDise Express and its insurer sustained property damages as a result of property damage and business losses.  The business losses are continuing.

WHEREFORE, Claimants demand judgment against Defendant, Clearwater Jet Ski and Sirota, for those damages and all other damages that this Court deems just and proper.  Claimants also demand a jury trial on all issues properly triable by jury in this cause.

### THIRD PARTY CLAIM AGAINST MONTALVO

*(Negligent Claim Against Defendant, Montalvo)*

Plaintiffs, ParrotDise Express and Endurance, reallege and incorporate herein allegations set forth in paragraphs 1 through 18 above.

27.     Defendant Montalvo owed a duty to other boats in the area to use ordinary and reasonable care in the operation, piloting and usage of the PWC.  Further, Defendant Montalvo is

required to comport with the navigational rules of the road set forth by the U.S. Coast Guard and incorporated into the U.S. Code at 33 U.S.C. § 2001 *et seq*.

28.    Defendant Montalvo breached his duty to operate the vessel in a safe manner by: failing to operate the boat safely and avoid the risk of collision, failing to yield when a danger doubt signal was sounded, failing to keep a proper lookout, violating the navigational rules of the road by operating at an unsafe speed, failing to exercise reasonable care in the operation of the PWC and to comport with the navigational rules of the road general prudential and good seamanship requirements.

29.    As a direct and proximate result of Defendant Montalvo's actions and omissions, ParrotDise and its insurer expressed sustained property damage and business losses resulting from this collision.

WHEREFORE, Claimants demand judgment against Defendant, Montalvo for those damages and all other damages that this Court deems just and proper.  Claimants also demand a jury trial on all issues properly triable by jury in this cause.

Respectfully submitted,

*/s/ Anthony J. Cuva*
Anthony J. Cuva
Florida Bar No. 896251
Email:  anthony.cuva@bajocuva.com
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, FL  33602
Telephone:  (813) 443-2199
Facsimile:  (813) 443-2193
*Attorneys for Claimants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 16th day of September, 2019, I electronically filed the

foregoing with the Clerk of the Court using CM/ECF, which will serve a true and correct copy

on all parties of record.

/s/ Anthony J. Cuva
Attorney